IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

PEHR J. KOMSTADIUS, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV415-241
 )
UNITEDHEALTH GROUP, )
INCORPORATED; FIDELITY STOCK )
PLAN SERVICES, LLC; and )
FIDELITY BROKERAGE SERVICES, )
LLC; )
 )
    Defendants. )
 )

## O R D E R

Plaintiff Pehr J. Komstadius has filed an amended complaint in this Court seeking a declaratory judgment, injunctive relief, and damages based on Defendants' alleged failure to inform him of the acceleration of the expiration date for certain stock options to which he was entitled under a qualified domestic relations order.[1] (Doc. 1; Doc. 12.) However, the jurisdictional allegations contained in the amended complaint are insufficient to establish complete diversity between the parties. The party invoking

---

[1] Rather than take a modicum of effort to file a complete amended complaint, Plaintiff instead chose to file an amended complaint that amends only two paragraphs of the original complaint, leaving this Court and Defendants to piece together the now fragmented complaint. All involved would be better served if Plaintiff filed a complete amended complaint, a rather simple task that does not

this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity. See 28 U.S.C. § 1332; Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[2] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of a LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022.

In this case, the amended complaint does not include a list of the individual members, along with their citizenship, of Defendants Fidelity Stock Plan, LLC and

---

impose an odious burden given the ease of amending documents in today's electronic age.

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Fidelity Brokerage Services, LLC.[3] (Doc. 1 ¶ 3.) Rather, the complaint simply states that no member of either Fidelity Stock Plan or Fidelity Brokerage is a citizen of Georgia. (Id.) The complaint relies on this allegation to advance the general conclusion that "[c]omplete diversity exists as between the Plaintiff and each Defendant." (Doc. 12 ¶ 6.)

However, the general allegation that no member of Defendant LLCs is a Georgia citizen is insufficient for Plaintiff to carry his burden of establishing complete diversity between the parties. See Ray, 519 F.2d at 1082. Accordingly, Plaintiff is **DIRECTED** to file a second amended complaint within **fourteen days** from the date of this order. As noted above, the amended complaint must properly allege diversity in this case by including the names and citizenships of each member of Defendant LLCs, thus allowing the Court to confirm that it possesses jurisdiction to entertain this case.[4] Additionally, the

---

[3] The court will refer to these two defendants collectively as Defendant LLCs.

[4] The court also notes that the complaint states various purported "claims" against Defendants, such as a declaration (Doc. 1 ¶ 38), entitlement to stock (id. ¶ 39), mandatory injunction (id. ¶ 40), and money damages (id. ¶ 42). However, these are not claims or causes of action, but rather the type of relief Plaintiff requests. The complaint would certainly benefit from the inclusion under

3

Court will not accept any amended complaint that incorporates by reference any factual allegation or cause of action contained in an earlier filing, or offers only a piecemeal amendment. Plaintiff's second amended complaint should be a stand-alone filing that independently contains all his claims and factual allegations in this case.

SO ORDERED this 5th day of October 2015.

*/s/ William T. Moore, Jr.*
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

its "claims" section of specific causes of action that Plaintiff believes entitles him to relief.